UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80203-Cr-DIMITROULEAS(s)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KEVAN GEORGE SLATER, et al.,

    Defendants.
_____/

## PLEA AGREEMENT

The United States of America (hereinafter "the United States" or "this Office") and KEVAN GEORGE SLATER (hereinafter referred to as the "defendant"), hereby enter into the following agreement:

1. The defendant agrees to plead guilty Counts 1 and 7 of the Superseding Indictment, which counts charge the defendant: In Count 1, with Conspiracy to Possess With Intent to Distribute a Controlled Substance, to wit, a mixture and substance containing a detectable amount of furanyl fentanyl, a controlled substance analogue as defined in Title 21, United States Code, Section 802(32)(A), that was intended for human consumption, which resulted in the death of a person from use of such substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846; and, in Count 7, with Conspiracy to Possess With Intent to Distribute a Controlled Substance, to wit, a mixture and substance containing a detectable amount

of Hydrocodone and Oxycodone, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846  The defendant agrees that he is, in fact, guilty of these offenses.

2. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.  The United States, however, will not be required to make this motion and recommendation, if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or, (4) attempts to withdraw his guilty plea after a finding by the Court that such was knowingly and voluntarily made.

3. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. **MAXIMUM PENALTIES:**

(a) **Count 1:** As to Count 1 of the Superseding Indictment, the defendant understands and agrees he faces a mandatory minimum sentence of twenty (20) years' imprisonment, to a maximum term of life imprisonment, to be followed by a minimum

3

term of three (3) years' to a maximum life term of supervised release,[1] and a fine of up to one million dollars ($1,000,000).

(b)     **Count 7:** As to Count 7 of the Superseding Indictment, the defendant understands and agrees he faces a maximum sentence of twenty (20) years' imprisonment, to be followed by a minimum term of three (3) years' to a life term of supervised release,[2] and a fine of up to one million dollars ($1,000,000).

(c)     The defendant also understands and acknowledges that if he were not a United States Citizen, that his conviction for these offenses would subject him to deportation or removal from the United States.

5.      The defendant further understand and acknowledges that, in addition to any sentence imposed under the preceding paragraph of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant, which in this case would total $200.00.  The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.  Payment may be either in the form of cashier's check or money order made payable to the Clerk of Court, Southern District of Florida, or in cash.

6.      The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office"), and the defendant, reserve the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all

---

[1] See United States v. Sanchez, 269 F.3d 1250, 1287-88 (11th Cir. 2001) (where statute does not otherwise specify a maximum sentence, maximum sentence is "life").

[2] See Footnote 1, above.

relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The defendant is aware that his sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8. This Plea Agreement constitutes the entire agreement and understanding between the United States and the defendant. There are no other agreements,

promises, representations, or understandings with respect to the defendant's guilty plea except as set forth herein.

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date: 4/13/18   By: _____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY

Date: 4/13/18   By: _____
LEONARD FEUER, ESQ.
ATTORNEY FOR DEFENDANT

Date: 4/13/18   By: _____
KEVAN GEORGE SLATER
DEFENDANT

6