UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80203-Cr-DIMITROULEAS(s)

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

KEVAN GEORGE SLATER, et al.,

        Defendants.
_____/

## STIPULATED STATEMENT OF FACTS

### A. Elements of Offense

Were this matter to have proceeded to trial, the United States would have had to prove the following elements beyond a reasonable doubt as to Counts 1 and 7 of the Superseding Indictment, which charge the defendant In Count 1, with Conspiracy to Possess With Intent to Distribute a Controlled Substance, to wit, a mixture and substance containing a detectable amount of furanyl fentanyl, a controlled substance analogue as defined in Title 21, United States Code, Section 802(32)(A), that was intended for human consumption, the use of which resulted in the death of a person, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846; and, in Count 7, with Conspiracy to Possess With Intent to Distribute a Controlled Substance, to wit, a mixture and substance containing a detectable amount of Hydrocodone and Oxycodone, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846:

1

As to Count 1, that:

First, that two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, that is, to knowingly and intentionally possess with the intent to distribute a controlled substance analogue, that is, a mixture and substance containing a detectable amount of furanyl fentanyl, that was intended for human consumption it to another person, with or without compensation;

Second, that the defendant, knowing the unlawful purpose of the plan, willfully joined in the plan; and,

Third, that the death of a person resulted from use of such substance.

And, as to Count 7, that:

First, that two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, that is, to knowingly and intentionally possess with the intent to distribute a controlled substance, to wit, Hydrocodone, and Oxycodone to another person, with or without compensation;

Second, that the defendant, knowing the unlawful purpose of the plan, willfully joined in the plan;

The word "willfully" as used above means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is, with bad purpose either to disobey or disregard the law.

B.  **Statement of Facts**

Had this matter proceeded to trial, the United States would prove the following facts beyond a reasonable doubt, through admissible testimony and evidence, which the defendant agrees, by his signature below, are true and correct facts, and satisfy all the necessary elements of the offense of conviction referenced above and in paragraph 1 of the Plea Agreement.  The parties note that this factual proffer is submitted to the Court for the limited purpose of summarizing a factual basis in support of the defendant's change of plea. As such, is does not purport to include all details known to the defendant

2

or the government concerning the case:

1. Testimony and evidence would establish that on September 1, 2016, Deputies and Detectives of the Palm Beach Sheriffs Office (PBSO) responded to a call involving the death of middle aged female, MC, who was subsequently determined by an autopsy and toxicology results to have died as a direct result of an overdose of counterfeit opioid medication containing furanyl fentanyl (hereinafter "FUF"), which expert testimony from DEA chemists and pharmacologists would establish to have been categorized as a controlled substance analogue of fentanyl, a Schedule II narcotics controlled substance at the time of MC's death. Detectives investigated the scene and maintained custody and control of evidence discovered at the overdose scene to include counterfeit oxycodone pills, which bore the letter "M" within a square stamped on one side of the pill, and the number "30" stamped above an inscribed center line in the middle of the pill on the reverse side.

2. The government would establish through testimony and evidence that MC received the counterfeit pills containing FUF from defendant KEVAN SLATER, in late August, 2016, in Palm Beach County, and the Southern District of Florida, and that defendant KEVAN SLATER, received the counterfeit pills from defendant ZACHERY STEWART in or around late July or August, 2016, who in turn received the pills from defendant JOHNNY CLYDE BENJAMIN, JR., and that all of the foregoing transactions and distributions of the counterfeit pills containing FUF occurred in the Southern District of Florida.

3. The government would establish through testimony and evidence that at all

times material hereto, codefendant JOHNNY CLYDE BENJAMIN, JR., was a licensed medical doctor who practiced in Vero Beach, Indian River County, Southern District of Florida, who was authorized to write prescriptions for narcotic controlled substances.

4. The government would further establish through testimony and evidence that between January 19, 2016, and October 21, 2016, defendant BENJAMIN recruited STEWART and SLATER, together with unindicted co-conspirators "CS," "MG," and "JQN," to fill prescriptions for Oxycodone and Hydrocodone pills written by defendant BENJAMIN, notwithstanding the fact that none of them (with the exception of defendant STEWART) had actually ever met with or been medically examined by defendant BENJAMIN. These transactions, which occurred between January 19, 2016, and October 21, 2016, resulted in the receipt of some 1,260 total Oxycodone and Hydrocodone pills by the members of the conspiracy, as corroborated by filled prescriptions for those pills. Defendant SLATER, CS, MG and JQN would then provide the Oxycodone and Hydrocodone pills which they had obtained from pharmacies in Indian River County, in the Southern District of Florida, to defendant ZACHARY STEWART who would in turn deliver the pills, less a few pills in payment for the conspirators, to defendant

BENJAMIN, in Vero Beach, Indian River County, Southern District of Florida, who would distribute them to other customers for profit.

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY

SEEN, AGREED AND APPROVED:

_____
KEVAN GEORGE SLATER
DEFENDANT

_____
LEONARD FEUER, ESQ.
ATTORNEY FOR DEFENDANT

Dated: 4/13/18